UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CARLO ST. JULES,                                :
                                                :
                Plaintiff,               :
                                                :
                -against-               :    **SUMMARY ORDER**
                                                :
UNITED PARCEL SERVICE, INC.,                    :    09-CV-1201 (DLI)(JO)
and LOCAL 804,                                  :
                                                :
                Defendants.              :
-------------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

      Carlo St. Jules initiated this action in New York State Supreme Court, Queens County, against his employer, United Parcel Service, Inc. ("UPS"), and his employment union, Local 804 of the International Brotherhood of Teamsters ("Local 804"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 ("NYCHRL"). UPS removed the action to this court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. Before the court are defendants' unopposed motions to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motions are granted and the complaint is dismissed with prejudice.

## DISCUSSION

**I.    Standard of Review**

      Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." On a motion to dismiss, the court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Dangler v. New York*

1

*City Off Track Betting Corp.,* 193 F.3d 130, 138 (2d Cir. 1999). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court set forth the requirement that a plaintiff plead enough facts to "state a claim to relief that is plausible on its face." 550 U.S. 544, 561 (2007) (citations and internal quotation marks omitted). To be facially plausible, a complaint cannot make merely "a formulaic recitation of the elements of a cause of action," but must allege facts that "raise a right of relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted).

## II. Application

### A. Title VII Claims

It is well-settled that Title VII does not recognize discrimination claims based on disability. *See Godfrey v. New York City Transit Authority*, 2009 WL 3075207, at *1 (E.D.N.Y. Sept. 23, 2009). There are no allegations of race or national origin discrimination in plaintiff's complaint and, therefore, plaintiff's Title VII claims are dismissed. Additionally, plaintiff's Title VII claims must be dismissed for failure to exhaust administrative remedies.

### B. ADA Claims

Plaintiff claims that defendants violated the ADA by: (1) failing to provide him a reasonable accommodation; (2) firing him on account of his disability; and (3) retaliating against him for engaging in protected activity. For the following reasons, the claims are dismissed.

An essential element of the first two claims is that the plaintiff be an individual with a "disability" within the meaning of the statute. *See, e.g.*, *Leahy v. Gap, Inc.*, 2008 WL 2946007, at *4 (E.D.N.Y. July 29, 2008) (citations omitted). A person is "disabled" under the ADA when that person (1) has a physical or mental impairment that substantially limits one or more of the major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an

impairment. *Id.* The complaint does contain an allegation of physical impairment, *i.e.*, that during a motor vehicle accident in the course of his employment, plaintiff suffered a "fracture of his fifth rib and extensive injuries to his head, shoulder, knee and lower back." (Compl. ¶¶ 9-10.) However, there is no allegation that those impairments substantially limited plaintiff in any major life activity.

To proceed on his retaliation claim, plaintiff must adequately allege that: (1) he was engaged in an activity protected by the ADA; (2) the defendant was aware of that activity; (3) he suffered an adverse action; and (4) there existed a causal connection between the protected activity and the adverse action. *Sarno v. Douglas Elliman-Gibbons & Ives. Inc.*, 183 F.3d 155, 159 (2d Cir. 1999). Regarding a causal connection, plaintiff merely alleges that his "employment was terminated after [he] complained to supervisors and union representatives about accommodating his disability." (Compl. ¶ 22.) Absent a more specific temporal component, this allegation is insufficient to meet the requirement of plausibility under *Twombly* which requires more than a sheer possibility that a defendant has acted unlawfully.

As an additional ground for dismissal, plaintiff's ADA claims against Local 804 must be dismissed because plaintiff failed to name Local 804 in his EEOC filing.

C. NYCHRL Claims

New York City Administrative Code § 8-502(a) provides, in pertinent part, as follows:

> any person claiming to be aggrieved by an unlawful discriminatory practice . . . shall have a cause of action in any court of competent jurisdiction . . . unless such person has filed a complaint with the city commission on human rights or with the state division of human rights with respect to such alleged unlawful discriminatory practice . . . .

Thus, "[w]hen a party files a complaint with the Division of Human Rights regarding alleged discrimination, that party is thereafter barred from commencing an action in court regarding that

discrimination." *Moodie v. Fed. Reserve Bank*, 58 F.3d 879, 882 (2d Cir. 1995) (internal quotation marks and citations omitted). Here, plaintiff's claims are identical to those raised in the complaint he filed with the State Division of Human Rights. (*Compare* Complaint, *with* Rabin Decl. Ex. 1.) Thus, the NYCHRL claims are barred.

## **CONCLUSION**

For the foregoing reasons, defendants' unopposed motions to dismiss are granted. Given plaintiff's apparent disinterest in the prosecution of this lawsuit (*see* Docket Entry No. 12 & Entry dated July 20, 2009), and there being no indication that plaintiff would be able to cure the defects in the complaint, the complaint is dismissed in its entirety with prejudice.

SO ORDERED.

DATED:    Brooklyn, New York
               March 31, 2010

                                                    **/s/**
                                           DORA L. IRIZARRY
                                     United States District Judge